UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

AMARA LOPEZ
210 Lander Court
Waukesha, Wisconsin 53188

   Plaintiff,         Case No: 25-cv-0761

 v.             **JURY TRIAL DEMANDED**

FROEDTERT THEDACARE HEALTH, INC.
900 North 92nd Street
Milwaukee, Wisconsin 53226

   Defendant

---

## COMPLAINT

---

NOW COMES Plaintiff, Amara Mayer, by her counsel, WALCHESKE & LUZI, LLC, as and for her Complaint against Defendant, Froedtert ThedaCare Health, Inc., alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Amara Mayer, is an adult female resident of the State of Wisconsin residing in Waukesha County with an address of 210 Lander Court, Waukesha, Wisconsin 53188.

4. Defendant, Froedtert ThedaCare Health, Inc., is an entity doing business in the State of Wisconsin with a principal office address of 900 North 92nd Street, Milwaukee, Wisconsin 53226.

5. Defendant is a healthcare system.

6. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

7. During Plaintiff's employment with Defendant, Defendant was a covered employer for purposes of the FMLA.

8. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendants for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

9. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

10. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

11. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. In approximately July 2021, Defendant hired Plaintiff into the full-time position of Security Officer.

13. On or about September 1, 2024, Plaintiff informed Defendant that she was pregnant required FMLA leave for the birth of her child.

14. During Plaintiff's employment with Defendant, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave for her pregnancy and/or informing Defendant of her request(s) for FMLA leave for the birth of her child.

15. During Plaintiff's employment with Defendant, Plaintiff's pregnancy required at least two (2) appointments and continuing treatment visits with, and supervision by, her health care provider(s) and/or treating physicians.

16. As of at least September 1, 2024, Defendant was aware that Plaintiff had requested FMLA leave from work at Defendant for the birth of her child.

17. On approximately September 1, 2024, Defendant approved Plaintiff's FMLA leave beginning on May 2, 2025 for the birth of her child.

18. On May 2, 2025, Defendant terminated Plaintiff's employment.

## CAUSE OF ACTION – FMLA INTERFERENCE

19. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

20. Defendant intentionally interfered with Plaintiff's rights by terminating her employment in order to prevent, and/or which prevented, her from using FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, *et seq.*

21. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 23rd day of May, 2025

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

***s/ David M. Potteiger***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com